IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEREK YU, | : | |
| Plaintiff, | : | Case No. 2:04-cv-316 |
| v. | : | Judge Graham |
| FORMULA ONE MOTOR CARS, INC., *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**ORDER**

This matter is before the Court on Defendants' March 7, 2005 motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Georgia, Atlanta Division (doc. 24). Defendants argue that Georgia it is a more convenient forum because Defendants reside there, a substantial part of the events giving rise to the claim occurred there, and most of the witnesses are located in Georgia. Plaintiff Derek Yu responds by arguing that Defendants have failed to demonstrate that Plaintiff's chosen forum presents any hardships that would warrant transferring the venue in the interest of justice.

**I. Facts.**

This diversity of citizenship action was filed in April 2004 by Plaintiff Derek Yu. Defendants are Formula One Motor Cars, a car dealer, and its owner, Ray Story. Both Defendants are located in Georgia; Formula One Motor Cars was organized under Georgia law, and during the relevant time periods, its principal place of business was Alpharetta, Georgia. (Story Aff., ¶ 3).

This dispute arises over a 2003 transaction between the parties. The complaint

and the answer both acknowledge that Defendants and Yu had been involved in previous business transactions. For example, in 2002, Yu sold a Yellow Lamborghini to Defendants, and on a separate occasion, Yu purchased a BMW M3 from Defendants. These transactions appear to have occurred without incident. However, in Yu's complaint, he maintains that in October 2003, he sold a 2003 Red Lamborghini Murcielago for $225,000 to Defendants. (Pl.'s Compl., ¶ 4). On or about October 23, 2003, two agents of Formula One Motor Cars picked up the car from Yu. Yu alleges that according to the terms of the parties' agreement, Defendants, at the time the car was picked up, were supposed to simultaneously wire $225,000 to Yu's bank account. (Pl.'s Compl., ¶ 4). However, Yu claims that he has never received payment for the car. On the same day the car was picked up, Yu mailed the title to Defendants. (Pl.'s Compl., ¶ 6). Despite repeated requests, Defendants have refused to pay Yu for the car. Yu seeks damages in the amount of $425,000 plus interest for breach of contract, conversion, unjust enrichment, misrepresentation, and fraud against each Defendant. He also seeks reasonable attorney's fees.

**II. Arguments.**

Yu filed this action in the United States District Court for the Southern District of Ohio. Defendants are asking this Court to transfer venue to the United States District Court for the Northern District of Georgia. They argue that Georgia is a more appropriate venue because a substantial part of the events giving rise to the claim occurred in Georgia; Yu contacted Defendants in Georgia to see if they were interested in purchasing the car. Yu was also aware that Defendants were located in Georgia and in 2002, had visited the location. Moreover, Defendants state that the most important factor involved in

a venue transfer decision is the convenience of the witnesses. They argue that the crux of the dispute involves the agreement between the parties. Based on this view, Defendants maintain that the majority of the witnesses are located in Georgia. They have identified the following witnesses that reside in Georgia: the agents of Nick's Towing, the car delivery service used by Defendants, and agents from Butler Tire. Both of these witnesses are located in Marietta, Georgia. Nick's Towing was contracted by Defendants to deliver the vehicles to Yu. Defendants maintain that Nick's Towing will be able to provide testimony regarding the terms of the agreements between the parties.

Defendants have identified at least two witnesses that are not located in Georgia: Adam Smith and agents from Motorcars International located in Springfield, Missouri. (Story Aff., ¶ 10). Adam Smith is a former salesman from Formula One Motor Cars, and he now resides in Miami, Florida. He will be able to provide testimony involving Yu's first contact with Defendants and potentially the terms of the agreements between the parties. (Def.'s Mot. To Transfer Venue pp. 3 and 4). Defendants also note that these witnesses are beyond the subpoena power of this Court.

Yu argues that Defendants have failed to present a sufficient argument that would warrant this Court in transferring the venue to Georgia. He claims that unless the circumstances strongly favor transfer, the plaintiff's choice of forum should not be disturbed, and that the showing necessary to warrant transfer requires the presentation of clear and convincing evidence. Yu argues that transfer would make the forum more inconvenient for him and transfer would merely shift the inconvenience rather than relieve any of the inconvenience. Yu also suggests that Defendants may relieve their witnesses of any inconvenience by using deposition testimony instead of live testimony.

3

Defendants respond by claiming that this case turns on the agreements between these parties, and the witnesses will testify to these agreements. Because their testimony is central to the case, deposition testimony would be a poor substitute for their live testimony. They also argue that Yu's previous business dealings with Defendants negate Yu's argument that it would be inconvenient for him to travel to Georgia for this litigation because he knew that Defendants were located in Georgia when he began business dealings with them, and Yu had even traveled to Georgia on occasion to visit Formula One Motor Cars.

**III. Discussion.**

28 U.S.C. § 1391 is the general venue provision for diversity actions. It states the following:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a).

Even if a suit is brought in a proper venue, it may be transferred to another venue:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). The decision whether to transfer a civil action is in the sound discretion of the trial court. *Midwest Motor Supply Co. v. Kimball,* 761 F. Supp. 1316, 1318 (S.D. Ohio 1991). It is the burden of the moving party to prove "why a change of

venue should be granted." *Id.*

The first question that must be addressed is whether the potential transferee court is a court where the action might have been brought. *SKY Tech. Partners, LLC v. Midwest Research Inst.*, 125 F. Supp 2d 286, 291 (S.D. Ohio 2000). "An action 'might have been brought' in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amendable to process issuing out of the transferee court." *Id.* (punctuation omitted).

Once the trial court has determined that there is more than one proper forum, the court may undertake a balancing of factors to determine if transfer is appropriate under § 1404. The trial court should consider both the public and private interest involved. *Gulf Oil v. Gilbert*, 330 U.S. 501, 508-09 (1947). The private interest factors include:

> the relative ease of access to the sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses; possibility of view of the premises; if view would be appropriate to the action; and all other practical problems that make trial of the case easy, expeditious, and inexpensive.

*Id.* at 508. The public interest factors include: "docket congestion; the burden of trial to a jurisdiction with no relation to the cause of action; the value of holding trial in a community where the public affected live; and the familiarity of the court with controlling law." *Id.* This Court has also identified additional factors: "the nature of the suit, the place of the events involved, and the residences of the parties." *SKY Tech. Partners,* 125 F. Supp 2d at 291.

While transfer under § 1404 is similar to the analysis undertaken by a court when deciding *forum non conveniens* transfers, § 1404 is different in that it requires a "lesser showing of inconvenience." *Id.* (citation omitted).

5

In this case, Georgia is a judicial district where the action might have been brought because Defendants reside in Georgia. Georgia is also appropriate because a substantial part of the activities giving rise to these claims occurred in Georgia. Yu contacted Defendants in Georgia regarding the sale of the car to him. However, other than himself, Yu has not identified any witnesses who are located in Ohio. Defendants, on the other hand, have identified at least two witnesses, other than themselves who are located in Georgia: agents from Butler Tire and agents from Nick's Towing. Defendants have also identified witnesses who are not located in either forum: Adam Smith and agents from Motorcars International.

Defendants correctly assert that the witnesses they have identified are beyond the subpoena power of this Court.[1] However, Defendants have not asserted that any of these witnesses would refuse to testify at trial in Ohio. This diminishes the significance of the limitation on this Court's subpoena power. *See AMF Inc. v. Computer Automation, Inc.*, 532 F. Supp. 1335, 1341 (S.D. Ohio 1982) (stating that the court will not consider the use of the compulsory process to compel the attendance of unwilling witnesses when the parties have not stated that the witnesses will refuse to travel to the forum).

With regard to the use of live testimony, this Court has stated that it is permissible, when considering a motion to transfer venue, to take into consideration the impact of presenting live testimony as opposed to using deposition testimony. *Id.* at 1342. Again, however, Defendants have not claimed that their witnesses are refusing to travel to Columbus to testify. Therefore, this Court need not consider the impact of using

---

[1] Rule 45(b)(2) of the Federal Rules of Civil Procedure limit the subpoena power of the Court to 100 miles of the place of the trial.

depositions instead of live testimony.

Defendants have not argued that there are other forms of evidence, documents, or other hardships that would occur by proceeding in this forum.  However, transferring this case to Georgia would do more than merely shift the inconvenience of the parties.  Only four non-party witnesses have been identified.  Two of these witnesses are located in the proposed transferee state.  Further, Adam Smith is located in Florida; the Georgia forum is closer to Florida than the Ohio forum.  Defendants have made a sufficient showing that the Georgia court presents a more convenient forum for this litigation.  Finally, there is some question as to whether Yu is even located in this country.  Yu's attorney told this Court that his client was not able to attend the default judgment hearing because his client was in Taiwan.

### IV.  Conclusion.

Finding that the Northern District of Georgia is the more convenient forum, Defendants' March 7, 2005 motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the Northern District of Georgia, Atlanta Division (doc. 24) is **GRANTED**.  The Clerk of Court is **DIRECTED** to electronically transfer the case file to the United States District Court for the Northern District of Georgia, Atlanta Division.

It is so ORDERED.

                                                  s/James L. Graham
                                                  JAMES L. GRAHAM
                                                  United States District Judge

DATE:  June 3, 2005